UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDGAR A. C. F.,<br><br>                Plaintiff,<br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:23-CV-1943-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her evaluation of certain medical opinion evidence. Had the ALJ properly considered these opinions, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS
- 1

42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I. Factual and Procedural History

Plaintiff protectively filed a claim for SSI on April 27, 2018, alleging disability beginning on December 1, 2011. Dkt. 5, Administrative Record ("AR") 63, 338, 343–51. His application was denied at the initial level and on reconsideration. AR 106, 121. He requested a hearing before an ALJ, which took place on July 12, 2023. AR 54–100, 146–49. Plaintiff was represented by counsel. *See* AR 54. At the hearing, Plaintiff amended his alleged disability onset date to the protective filing date, April 27, 2018. AR 63. The ALJ issued an unfavorable decision denying benefits, and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–2, 8–13, 26–53. Plaintiff appealed to this Court. *See* Dkt. 1.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III. Discussion

Plaintiff contends the ALJ erred in her evaluation of certain medical opinion evidence and Plaintiff's testimony about the severity of his symptoms. Dkt. 7 at 2. He argues the proper remedy for these errors is remand for an award of benefits. *Id.*

#### A. *Medical Opinion Evidence*

Plaintiff first argues the ALJ failed to properly evaluate medical opinion evidence from consultative examiners James Parker, M.D., and Alysa Ruddell, Ph.D. *Id.*

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

          1.    <u>James Parker, M.D.</u>

Dr. James Parker examined Plaintiff on July 7, 2018, and reviewed certain of his medical records. AR 542. Plaintiff reported a history of auditory hallucinations, paranoia, episodes of mania and depression, and suicidal ideation without attempts. AR 542–43. He said that his medications were helpful. AR 543. Dr. Parker noted Plaintiff followed the interview without difficulty. *Id.* On mental status examination, he found Plaintiff cooperative but noted he sat at a distance from the examiner and, at times, rubbed his face, had movements of his jaw, and pulled down his lower left eyelid. AR 544. Dr. Parker found Plaintiff's stream of mental activity was linear and goal-directed but noted some latency in his responses. *Id.* He wrote Plaintiff's mood

was sad and his affect was congruent. *Id.* Plaintiff scored "0/3" on an immediate memory test, was able to perform serial threes, and could spell "world" forward but not backward. *Id.*

Dr. Parker diagnosed Plaintiff with schizoaffective disorder bipolar type, generalized anxiety disorder, and asthma. *Id.* He noted Plaintiff had shown good response to his current treatment plan but indicated that schizoaffective disorder is a chronic recurring condition and there would be recurrences of episodes of illness despite treatment. *Id.* Dr. Parker concluded Plaintiff would have difficulty with consistent accuracy at tasks because of internal distraction. AR 545. He also found Plaintiff would have difficulty interacting with coworkers, supervisors, and the public because of paranoia and auditory hallucinations. *Id.* He noted these symptoms would interfere with Plaintiff's regular attendance and make him susceptible to stress. *Id.*

The ALJ found Dr. Parker's opinion "somewhat persuasive." AR 41. Addressing the supportability of Dr. Parker's opinion, the ALJ wrote:

> [T]he limitation to interaction with the public, coworkers, and supervisors is supported by Dr. Parker's observations the claimant sat at a distance from the examiner, rubbed his face and moved his jaw at times, and pulled on his left lower eyelid. He had some latency in responses and a sad mood with congruent affect. He indicated he was unable to spell "world" backward and he recalled 0 of 3 items immediately. However, the undersigned finds the limitation to difficulty with consistent accuracy on tasks because of internal distraction is not supported by Dr. Parker's finding the claimant followed the interview without difficulty, his stream of mental activity was linear and goal-directed, he performed serial 3s correctly, and spelled "world" forward.

*Id.* (internal citations omitted). The ALJ also found the limitation was "not consistent with the observations of providers throughout the record that the claimant was not responding to internal stimuli" and noted Plaintiff's report that his hallucinations improved with medications. *Id.*

Even under the revised regulations, this Court has found that "[a]n ALJ is prohibited from interpreting raw medical data[.]" *David C. v. Comm'r of Soc. Sec.*, No. 2:22-cv-00205, 2023 WL 371540, at *3 (W.D. Wash. Jan. 23, 2023). As a lay person, the ALJ is "simply not

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

qualified to interpret raw medical data in functional terms[.]" *Nguyen v. Chater*, 172 F.3d 31, 35 (9th Cir. 1999); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges, . . . must be careful not to succumb to the temptation to play doctor"). Here, under the guise of a supportability analysis, the ALJ relied on the same findings from Dr. Parker's psychological examination and came to her own conclusions regarding whether those findings warranted Dr. Parker's opined limitations. This was error.

The ALJ also failed to address Dr. Parker's finding that Plaintiff's symptoms would interfere with regular workplace attendance. At the hearing, the vocational expert testified that "[i]f a person misses more than one or two days per month, month after month, that by itself precludes competitive work." AR 94. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence[.]" *Id.* at 571. Here, the ALJ's failure to address this significant probative evidence was error.

### 2. Alysa Ruddell, Ph.D.

Dr. Alysa Ruddell performed a telephonic psychological evaluation of Plaintiff on June 27, 2022. AR 610. She noted the interview was "difficult" and Plaintiff "provided vague and contradictory information." AR 613. Plaintiff reported visual and auditory hallucinations and displayed paranoia. *Id.* He recalled zero of three words after five minutes and repeated three digits forward and two digits backward. *Id.* Dr. Ruddell found severe limitations in Plaintiff's ability to learn new tasks and marked limitations in his ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain

regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 612.

The ALJ also found Dr. Ruddell's opinion "somewhat persuasive." AR 42. But the ALJ rejected Dr. Ruddell's opined severe and marked limitations, writing:

> The opinion the claimant had severe and marked limitations appears to be based on his report of symptoms and is not supported by Dr. Ruddell's observations of adequate fund of knowledge, normal conversation, appropriate social/attitude, normal attitude/behavior, full range of affect, appropriate mood, and normal stream of mental activity and speech. The claimant indicated he could use the bus and find locations with GPS, getting lost only occasionally. Additionally, Dr. Ruddell noted concerns about the claimant's effort and that he was distracted during the interview as he was walking around and talking to people.

*Id.* (internal citations omitted). The ALJ accepted the remainder of Dr. Ruddell's findings, stating "[t]he remainder of her opinion is supported by her findings of paranoid thoughts, impaired recent memory and immediate memory, impaired serial 3s, and impaired problem solving." *Id.*

As with Dr. Parker's opinion, the ALJ again appears to have considered the same findings as the medical expert and drawn her own conclusions regarding the appropriate limitations. For the reasons described above, this was error. Additionally, although the ALJ explained that the limitations she accepted were consistent with the record, she failed to address the consistency of the limitations she rejected with the other medical evidence in the record.

These errors were not harmless. Had the ALJ properly evaluated the opinions of Dr. Parker and Dr. Ruddell, she may have included additional limitations in Plaintiff's RFC or reached a different conclusion regarding disability. Accordingly, reversal is appropriate.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

B. *Subjective Symptom Testimony*

Plaintiff also argues the ALJ did not provide sufficient reasons for discounting his testimony about the severity of his symptoms. Dkt. 7 at 2. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. Because Plaintiff may be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact the assessment of Plaintiff's subjective testimony, the ALJ must also reconsider Plaintiff's testimony on remand.

C. *Remedy*

Plaintiff argues the proper remedy for the ALJ's errors is remand for an immediate award of benefits. Dkt. 7 at 12. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *Garrison*, 759 F.3d at 1020.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1    An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Based on a review of the record, the Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts and issues remain that must be resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate. On remand, the ALJ must re-evaluate the medical and nonmedical evidence in the record, including Plaintiff's subjective symptom testimony; reassess Plaintiff's RFC; obtain additional vocational expert testimony, if necessary; and offer Plaintiff the opportunity for a new hearing and further development of the record before issuing a new decision.

//

//

//

//

//

//

//

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning April 27, 2018. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 1st day of August, 2024.

David W. Christel
United States Magistrate Judge